IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN KINDS, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-598 |
| | § | |
| CHEVRON USA, INC., ET AL. | § | |

## REPORT AND RECOMMENDATION

On November 7, 2005, Plaintiff, John Kinds, individually and on behalf of the heirs of William N. and Indiana Godfrey, filed this suit to recover damages and title to certain property in Chambers County, Texas, which Kinds claims was taken from the Godfreys through fraudulent deeds filed of record in 1896 and 1899. Kinds sued numerous Defendants, but failed to timely serve all but Chambers County. The unserved Defendants were dismissed on April 20, 2006, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On May 3, 2006, the County filed a Motion to Dismiss Kinds' complaint as untimely and for failure to state a claim. At a Scheduling Conference on June 2, 2006, this Court ordered Kinds to file a More Definite Statement setting forth the facts relied upon to establish any liability of the County. The More Definite Statement was filed by Kinds on August 2, 2006. The County has now renewed its Motion.

The County's Motion should be granted. Even giving Kinds all benefit of doubt, under Texas law a cause of action for recovery of real property held by another under a recorded deed, even if void, must be commenced within 25 years of its accrual. Tx. Civ. Prac. & Rem. Code 16.028  The filing of the alleged fraudulent deeds and the dispossession of the Godfreys occurred over 100 years ago, therefore, Kinds' lawsuit is barred under Texas law. Moreover, there are no facts alleged in the original complaint or the More Definite Statement which could

support any claim against the County. The only potentially incriminating allegations are that the County Clerk, J. R. Wooten, notarized and filed the fraudulent deeds knowing them to be invalid. Assuming, but not finding, that the County Clerk is an employee of the County, even if those allegations were true the County could not be held liable for the Clerk's intentional misconduct. Cf. Harris County v. Cypress Forest PUD, 50 S.W.3d 551, 553-4 (Tx. App.-- Houston [14th Dist.] 2001)

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion to Dismiss (Instrument no. 11) of Defendant Chambers County be **GRANTED** and that the Plaintiff's Complaint be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to Kinds who **SHALL** have until **September 1, 2006** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar Kinds from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____11th____ day of August, 2006.

John R. Froeschner
United States Magistrate Judge

2